SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JAY T. RAMSEY, Cal Bar No. 273160
KEVIN MURPHY, Cal Bar No. 346041
RANA SALEM, Cal Bar No. 358050
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6017
Telephone:   (310) 228-3700
Facsimile:   (310) 228-3701
E mail:        jramsey@sheppardmullin.com
               kemurphy@sheppardmullin.com
               rsalem@sheppardmullin.com

DANE C. BRODY CHANOVE, Cal. Bar No. 345843
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:   (858) 720-8900
Facsimile:   (858) 509-3691
E Mail:        dbrodychanove@sheppardmullin.com

Attorneys for Defendant
FANTASIA TRADING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN IUDICE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANKER INNOVATIONS LIMITED, and FANTASIA TRADING, LLC,<br><br>Defendants. | Case No. 5:25-cv-01483-SSS-SP<br><br>*Hon. Sunshine S. Sykes*<br><br>**DEFENDANT FANTASIA TRADING, LLC'S OBJECTION TO PLAINTIFF'S NOTICE OF RELATED CASES**<br><br>Complaint Filed:   June 13, 2025<br>Trial Date:          Not Set |

-1-

Pursuant to Local Rule 83-1.3.3, Defendant Fantasia Trading, LLC ("FTLLC") files this Objection to Plaintiff Megan Iudice's Notice of Related Cases (the "Notice") on the ground that Plaintiff has failed to demonstrate that *Jerry Light v. Fantasia Trading, LLC*, Case No. 5:25-cv-01520 (C.D. Cal.) ("*Light*") is related to this case pursuant to Rule 83-1.3.1.[1]

Under Local Rule 83-1.3.1, a pending civil case is related to another pending civil cases if the cases: (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges.  Plaintiff's Notice does not satisfy any of these factors.

**(a)** The instant case and *Light* do not arise from the same or a closely related transaction, happening, or event.  The two actions involve different plaintiffs who purchased different products from different retailers at different times.  In the instant action, Plaintiff alleges that she reviewed representations regarding FTLLC's "MultiProtect technology" before purchasing an "Anker PowerCore III Sense 20K" power bank "from Best Buy" in September 2022.  (*Iudice* Compl. ¶ 17, 22–24.)  She alleges that the representations stated that MultiProtect could prevent her Power Bank from overheating, but that the representations were false because her Power Bank purportedly caught fire causing "substantial property damage" to her bathroom.  (*Id.* ¶¶ 19, 25-27.)  In *Light*, by contrast, the plaintiff alleges that he purchased a different product, an "Anker PowerCore 10000" power bank, on an unidentified date "in 2019 on Amazon." (*Light* Compl. ¶¶ 14, 34.)  The plaintiff does not allege that he reviewed representations regarding MultiProtect or that he has ever had any issues with his product.  Instead, the plaintiff asserts his claims

---

[1] Defendant Anker Innovations Limited is a named defendant in this litigation, but it has not yet been served and has not appeared.

based on a recall notice stating that the product he purchased can overheat.  (*Id.* ¶ 29.)

(b) The instant case and *Light* do not involve similar questions of law and fact.  In the instant case, Plaintiff alleges that FTLLC falsely represented that the MultiProtect technology could prevent its products from overheating.  Based on this purported false representation, Plaintiff asserts fraud-based claims for all products that incorporated the MultiProtect technology.  (*Iudice* Compl. ¶¶ 1, 95–208.)  By contrast, in *Light*, the plaintiff does "not plead claims of common law fraud or violations of consumer fraud statutes."  (Notice at 1 n.1.)  Nor does he premise his claims on the "MultiProtect technology."  Instead, he alleges contract-based claims based on a recall notice for his product.  (*Light* Compl. ¶¶ 50–97.)  While it is true that both plaintiffs assert implied warranty and unjust enrichment claims, those claims are based on entirely different factual scenarios and different state law will apply to the claims—Idaho law in the instant action and California law in *Light*.  More importantly, because the product allegedly purchased by the plaintiff in *Light* is subject to a recall program and the product purchased by Plaintiff here is not, the *Light* action will involve questions of constitutional and prudential mootness not at issue in the instant action.

(c) The two actions will not require substantial duplication of labor if heard by different judges given the disparate claims, facts, and issues involved in each of the actions.  Because these actions arise from different underlying factual circumstances, each plaintiff will, for example, necessarily seek different evidence in an attempt to prove their respective cases.  Thus, each plaintiff likely will serve different written discovery; seek different documents; and seek to depose different organizational witnesses.  Moreover, the two putative classes have limited overlap.  In the instant action, Plaintiff seeks to represent a nationwide class (or in the alternative an Idaho class) of individuals who purchased *any* product that incorporated MultiProtect.  (*Iudice* Compl. ¶¶ 1, 85.)  In *Light*, the plaintiff seeks to

-3-

FTLLC'S OBJECTION TO PLAINTIFF'S NOTICE OF RELATED CASES

represent a class of individuals who purchased only the single product that he purchased. (*Light* Compl. ¶¶ 1, 39.) Accordingly, the judicial resolution of disputes do not risk duplication.

For the foregoing reasons, the Court should deem the actions unrelated and should decline to transfer the actions before the same judge.

Dated: August 26, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      _/s/ Jay T. Ramsey_
JAY T. RAMSEY
KEVIN MURPHY
RANA SALEM
DANE C. BRODY CHANOVE

Attorneys for Defendant
FANTASIA TRADING, LLC

-4-